**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAI'I**

| | |
|---|---|
| URSULA S. ABELLA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civ. No. 18-00217 ACK-RT |
| | ) |
| ROGER O'KELLY | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER GRANTING PLAINTIFF URSULA S. ABELLA'S MOTION FOR SUMMARY JUDGMENT

For the reasons discussed below, the Court GRANTS Plaintiff Ursula S. Abella's Motion for Summary Judgment, ECF No. 24.

### PROCEDURAL BACKGROUND

This matter arises under admiralty law.  On June 8, 2018, Plaintiff Ursula S. Abella ("Plaintiff") filed a Complaint against Defendants Roger O'Kelly ("Defendant O'Kelly"), Robert J. Eden ("Defendant Eden"), and Gaen C. Gysel ("Defendant Gysel").  ECF No. 1.  The Complaint seeks a declaratory judgment from the Court, pursuant to 46 U.S.C. § 31343(c)(2), stating that none of the defendants have valid maritime liens on the vessel S/V TALISKER, Official Number 1269057 (the "Vessel" or "Talisker").  See Compl.

- 1 -

Plaintiff and Defendant Gysel reached a settlement and, on August 6, 2018, stipulated to the dismissal of Plaintiff's claim against Defendant Gysel without prejudice. ECF No. 12.  On March 21, 2019, Plaintiff voluntarily dismissed her claim against Defendant Eden without prejudice.  ECF No. 29.

Defendant O'Kelly, who is proceeding pro se, is the only remaining defendant in this lawsuit. Defendant O'Kelly filed an Answer to Plaintiff's Complaint on September 18, 2018. ECF No. 17.  On October 24, 2018, Plaintiff filed an Amended Complaint ("FAC"), ECF No. 22, which corrects the spelling of Defendant O'Kelly's last name but is otherwise identical to the original Complaint.[1]

On March 13, 2019, Plaintiff filed a Motion for Summary Judgment ("Motion") on her claim against Defendant O'Kelly, ECF No. 24, together with a Concise Statement of Facts ("Pl. CSF").  ECF No. 25.  On June 16, 2019, Defendant O'Kelly filed a document responding to Plaintiff's Motion ("Response"). ECF No. 31.  Defendant O'Kelly does not appear to oppose Plaintiff's Motion.  See Response.  Plaintiff has not filed a Reply.

The Court held a hearing on Plaintiff's Motion on August 22, 2019.  The Court called the case at 11:00 a.m. and

---

[1] The original Complaint named "Roger O'Kelley" as a Defendant.

again at 1:30 p.m.  At neither time did Defendant O'Kelly or any
representative of Defendant O'Kelly appear in Court.

## FACTUAL BACKGROUND

The following facts are drawn from the FAC and
Plaintiff's CSF.  Because Defendant O'Kelly has not filed a CSF
opposing Plaintiff's CSF, the facts set forth therein are deemed
admitted.  See Local Rule of Practice for the United States
District Court for the District of Hawai`i ("Local Rule")
56.1(g) ("For purposes of a motion for summary judgment,
material facts set forth in the moving party's concise statement
will be deemed admitted unless controverted by a separate
concise statement of the opposing party.").

On April 4, 2016, Plaintiff and someone named Craig
Adams ("Mr. Adams") purchased the Vessel as co-owners in
Freemantle, Australia.  FAC ¶ 7.  The pair planned to sail the
Vessel from Freemantle to Honolulu.  FAC ¶ 8.  On June 1, 2016,
when the Vessel was in Darwin, Australia, Mr. Adams hired
Defendant O'Kelly as a crewmember.  FAC ¶ 13.

Defendant O'Kelly served as a crewmember on board the
Talisker on its journey from Darwin, Australia to Honolulu,
Hawai`i.  Pl. CSF ¶ 1; Declaration of Ursula S. Abella ("Abella
Decl.") ¶ 3.  Defendant O'Kelly agreed to serve as a crewmember
in exchange for being provided all meals while in the service of
the Vessel as well as sailing experience and training.  Pl. CSF

¶ 2; Abella Decl. ¶ 4.  Defendant O'Kelly was provided with all meals while aboard the Talisker and received experience and training.  Pl. CSF ¶ 5; Abella Decl. ¶ 5.  No agreement was made for Defendant O'Kelly to be compensated with money and/or airfare in exchange for his services aboard the Vessel.  Pl. CSF ¶ 3; Abella Decl. ¶ 6.  Plaintiff has no knowledge of a separate agreement between Mr. Adams and Defendant O'Kelly for future employment.  Pl. CSF ¶ 7; Abella Decl. ¶ 4.

On February 13, 2017, Defendant O'Kelly filed a notice of claim of lien against the Vessel with the United States Coast Guard ("USCG") in the amount of $50,000.  Pl. CSF ¶ 6; Abella Decl. ¶ 8; Exh. B, ECF No. 25-2, at 2.  The notice states "Lien for labor from March 1 2016 to November 15 2016; including delivering the boat from Australia to Hawaii[.]"  Exh. B at 2. The USCG terminated Defendant O'Kelly's notice of lien on August 9, 2018.  Pl. CSF ¶ 7; Abella Decl. ¶ 9; Exh. B at 2.  Defendant O'Kelly indicated that he may refile the lien with an attorney. Pl. CSF ¶ 8; Abella Decl. ¶ 10.

Defendant O'Kelly's Response to Plaintiff's Motion acknowledges that on August 9, 2018, the USCG terminated Defendant O'Kelly's notice of lien on the Talisker.  Defendant O'Kelly also states "I have not contacted Abella or her lawyer because this issue is over; and I don't trust them.  I don't want to pay court cost for a frivolous law suit [sic]."  The

foregoing seems to indicate that Defendant O'Kelly has no intention of refiling his lien on the Talisker and that he does not oppose Plaintiff's Motion.

## **STANDARD**

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Rule 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Broussard v. Univ. of Cal., 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact."  Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (citing Celotex, 477 U.S. at 323); see also Jespersen v. Harrah's Operating Co., 392 F.3d 1076, 1079 (9th Cir. 2004).  "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  Celotex, 477 U.S. at 325.  "When the

moving party has carried its burden under Rule 56[(a)] its
opponent must do more than simply show that there is some
metaphysical doubt as to the material facts [and] come forward
with specific facts showing that there is a genuine issue for
trial." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S.
574, 586-87 (1986) (citation and internal quotation marks
omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S.
242, 247-48 (1986) (stating that a party cannot "rest upon the
mere allegations or denials of his pleading" in opposing summary
judgment).

          "An issue is 'genuine' only if there is a sufficient
evidentiary basis on which a reasonable fact finder could find
for the nonmoving party, and a dispute is 'material' only if it
could affect the outcome of the suit under the governing law."
In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008) (citing
Anderson, 477 U.S. at 248).  When considering the evidence on a
motion for summary judgment, the court must draw all reasonable
inferences on behalf of the nonmoving party.  Matsushita Elec.
Indus. Co., 475 U.S. at 587; see also Posey v. Lake Pend Oreille
Sch. Dist. No. 84, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating
that "the evidence of [the nonmovant] is to be believed, and all
justifiable inferences are to be drawn in his favor" (internal
citation and quotation omitted)).  The court may not, however,
weigh conflicting evidence or assess credibility.  In re

Barboza, 545 F.3d at 707.  Accordingly, if "reasonable minds could differ as to the import of the evidence," summary judgment will be denied.  Anderson, 477 U.S. at 250-51.

### DISCUSSION

Plaintiff's Motion seeks a declaration, pursuant to 46 U.S.C. § 31343(c)(2), that the Talisker is not subject to the maritime lien asserted in the notice of claim of lien that Defendant O'Kelly filed with the USCG.  The Federal Maritime Lien Act, 46 U.S.C. § 31301 et seq., grants district courts admiralty jurisdiction over civil actions "to declare that a Vessel is not subject to a lien."  46 U.S.C. § 31343(c)(2).  See, e.g. Leopard Marine & Trading, Ltd. v. Easy Street Ltd., 896 F.3d 174, 188-89 (2d Cir. 2018); Laxfoss v. Lang, 2019 A.M.C. 348, 349 (D. Alaska 2019).  "Maritime liens arise for the unpaid provision of necessaries, breaches of maritime contracts, unpaid seaman's wages, unpaid cargo freight, preferred ship mortgages, as well as in other circumstances."  Ventura Packers, Inc. v. F/V JEANINE KATHLEEN, 305 F.3d 913, 919 (9th Cir. 2002). "A maritime lien for wages is not subject to any filing or recording requirements."  U.S. v. ZP Chandon, 889 F.2d 233, 238 (9th Cir. 1989) (citations omitted).

"From the earliest period of maritime commerce the test in admiralty courts for determining whether there is a seaman's wage lien has been:  Has a maritime service been

performed?  If such service has been performed, then whatever constitutes the compensation for the service, if reducible to money, may be enforced by a maritime lien against the Vessel upon which those services were performed." Long Island Tankers Corp. v. S.S. Kaimana, 265 F. Supp. 723, 726 (N.D. Cal 1967) aff'd sub nom. Cross v. S.S. Kaimana, 401 F.2d 182 (9th Cir 1968) (per curiam).

Defendant O'Kelly's Response does not offer any evidence opposing Plaintiff's Motion.  The Response simply indicates that on August 9, 2018, the USCG terminated Defendant O'Kelly's notice of lien on the Vessel.  See Response.  The Response also states "I have not contacted Abella or her lawyer because this issue is over; and I don't trust them."  Id. Although at one time Defendant O'Kelly indicated that he may attempt to refile his notice of lien with an attorney, Abella Decl. ¶ 10, Defendant O'Kelly's Response indicates that he no longer intends to do so.  As the Court noted, however, a maritime lien for unpaid wages is not subject to any filing or recording requirements.  ZP Chandon, 889 F.2d at 238.

In any event, based on the extremely limited evidence in the record, the Court finds that Defendant O'Kelly does not have a valid maritime lien on the Vessel for unpaid wages.  The Abella Declaration establishes that Defendant O'Kelly served as a crewmember aboard the Vessel from Darwin, Australia to

Honolulu, Hawai`i.  Abella Decl. ¶ 3.  Defendant O'Kelly agreed
to serve as a crewmember in exchange for all meals during the
voyage, sailing experience, and training.  Abella Decl. ¶ 4.
Plaintiff was provided all meals and received sailing experience
and training on the voyage.  Abella Decl. ¶ 5.  The agreement
for Defendant O'Kelly's crew services did not include monetary
compensation or airfare.  Abella Decl. ¶ 6.  Defendant O'Kelly
does not dispute any of the aforesaid facts in his Response to
Plaintiff's Motion, and thus these facts are deemed admitted
pursuant to Local Rule 56.1(f).

Accordingly, the Court finds that the agreement
between Plaintiff and Defendant O'Kelly was fully performed.
Defendant O'Kelly provided maritime services by crewing on the
Vessel on its journey from Darwin, Australia to Honolulu,
Hawai`i, and Plaintiff compensated him by providing meals,
sailing experience, and training.  Because the agreement between
Plaintiff and Defendant O'Kelly was fully performed, Defendant
O'Kelly does not have a maritime lien on the Vessel for unpaid
wages.  Moreover, Defendant O'Kelly submitted no authenticated
evidence to the Court.

## CONCLUSION

In light of the foregoing, Plaintiff's Motion for
Summary Judgment as to Defendant O'Kelly is hereby GRANTED.  The
final judgment in this matter shall contain a declaration that

Roger O'Kelly does not have a valid maritime lien pursuant to 46 U.S.C. § 31343(c)(2) upon the S/V TALISKER, Official Number 1269057.[2/]  See Laxfoss, 2019 A.M.C. at 352.


        IT IS SO ORDERED:

        DATED: Honolulu, Hawai`i, August 22, 2019.





                        _____
                        Alan C. Kay
                        Sr. United States District Judge



Abella v. O'Kelly, Civ. No. 18-00217 ACK-RT, Order Granting Plaintiff Ursula S. Abella's Motion for Summary Judgment.

---

[2/] Plaintiff has also requested attorneys' fees.  Motion at 8. "The court may award costs and attorneys fees to the prevailing party, unless the court finds that the position of the other party was substantially justified or other circumstances make an award of costs and attorneys fees unjust."  Plaintiff is the prevailing party.  Accordingly, Plaintiff may file a separate motion for attorneys' fees, which Defendant O'Kelly shall have the opportunity to oppose.